```
            UNITED STATES DISTRICT COURT
                     FOR THE
               DISTRICT OF VERMONT


Danielle Champney Lucus,         :
      Plaintiff,                 :
                                 :
      v.                         :   Civil No. 2:06-CV-169
                                 :
Angelia K. Wengert,              :
      Defendant.                 :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 7)

Plaintiff Danielle Champney Lucus has filed this diversity action against Angelia Wengert for personal injuries sustained in a motor vehicle accident. The case is currently before the Court on Wengert's motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(4), and (b)(5) for lack of personal jurisdiction, insufficiency of process and insufficiency of service of process. (Paper 7).

For the following reasons, I recommend that Wengert's motion be denied.

### I. FACTUAL BACKGROUND

This case arises from a motor vehicle accident in Enosburg, Vermont on September 2, 2003. Lucus was a passenger in a car rear-ended by Wengert. Gary DesChamps, the driver of the car in which Lucus was riding, settled a

claim with Wengert's automobile liability carrier, Missisquoi Insurance Company of Quebec ("Missisquoi") on August 15, 2006.  David McLean, who represents Wengert in this case, was counsel for Missisquoi.  Todd Taylor, who represents Lucus, also represented DesChamps.

On August 24, 2006, Taylor filed this Complaint against Wengert.  On September 5, 2006, he asked McLean to accept service on behalf of Wengert.  McLean informed Taylor that he was not authorized to accept service in the matter.  Nevertheless, McLean forwarded the Complaint to Missisquoi.  On October 17, 2006, Lucus served the Complaint on the Vermont Commissioner of Motor Vehicles.  On October 25, 2006, 61 days after the Complaint was filed in this Court, Taylor sent notice of the lawsuit, via registered mail, to "Angela K. Wengert, 50 Rue des Herbrooke, Bromont, Quebec, Canada J2L 2P4."  The next day, Taylor filed an "Affidavit of Service on Angela K. Wengert" with this Court.

Wengert never received the registered notice of the lawsuit.  Delivery was attempted on October 31, 2006 and November 16, 2006, but the letter was returned to Taylor as undeliverable on November 27, 2006.  Wengert's name was spelled incorrectly on the notice.  The correct spelling of

her name is Angelia, not Angela.  The address on the letter also listed the wrong street.  The street address Wengert gave in the accident report was Rue des Sherbrooke, not Rue des Herbrooke.  The Canadian postmaster was able to correct the misaddressed letter, but Wengert's move to the United States without leaving a forwarding address made the letter undeliverable.

Even after receiving notice that the registered letter was undeliverable, Taylor still assumed, incorrectly, that Wengert was living in Canada.  Taylor indicated at the July 17, 2007 hearing on this motion that he based his assumption on the letter's status as unclaimed.  Taylor assumed that Wengert was simply refusing to pick up the registered letter to avoid service.  Since November 27, 2006, Taylor has not made any efforts to locate and serve Wengert.  He believed that Wengert had been properly served.  When no appearance or answer to the Complaint was filed, Taylor claims that, as a courtesy to McLean, he did not move for default judgment because he was expecting McLean to enter an appearance in the case as counsel for Missisquoi.  In February 2007, Taylor moved to enlarge time to file an answer and then left several voice mails and emails for McLean that went

unanswered. In March 2007, McLean filed this motion to dismiss the Complaint.

In fact, Wengert moved from the address that she supplied on the accident report approximately one year after the accident and two years before the commencement of this action. She left no forwarding address because she was fleeing from an abusive relationship. Taylor now believes Wengert is in the United States, but at the hearing he did not know her specific whereabouts and, except for a Google search, he has made no additional efforts to serve her.

## II. DISCUSSION

There are two issues for the Court to decide in this matter. The first is whether Lucus complied with substituted service of process pursuant to 12 V.S.A. §§ 891 and 892. The second is whether the service was timely pursuant to Rule 3 of the Vermont Rules of Civil Procedure, and if not, whether the untimeliness is excusable pursuant to Rule 6 of the Vermont Rules of Civil Procedure.

A. Substituted Service of Process

Wengert contends that Lucus' substituted service did not comply with Vermont law or the minimum requirements of procedural due process. Lucus, on the other hand, argues

4

that she complied with 12 V.S.A. § 892 and, pursuant to Vermont caselaw, has met the constitutional requirements of procedural due process.

Procedural due process under the Fourteenth Amendment of the United States Constitution requires "notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). In Mullane, the Supreme Court explained that notice is the key element in due process and service of process "is a mere gesture" the reasonableness and constitutional validity of which "may be defended on the ground that it is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the reasonable and customary substitutes." Id. Accordingly, use of means other than personal service on nonresident defendants meets the requirements of due process. Id.

Under Vermont's substituted service statute, the Commissioner of Motor Vehicles may accept service of process

on behalf of residents and nonresidents who operate motor vehicles in the state of Vermont.  12 V.S.A. § 891 (2002). "By virtue of operating a motor vehicle in the state of Vermont the defendant is deemed to have appointed the Commissioner of motor vehicles 'to be his true and lawful attorney upon whom may be served all lawful process in any action or proceeding.'" Proulx v. Goulet, 315 F. Supp. 622, 623 (D. Vt. 1970).  Service on the Commissioner is considered sufficient service on a defendant if a copy of the service "is sent by the plaintiff to the defendant . . . by registered mail." 12 V.S.A. § 892 (2002).  In addition, the plaintiff must file an affidavit of compliance with the court.  Id.

In Proulx, this Court determined that the Vermont substituted service statute met the constitutional requirements of due process.  Proulx, 315 F. Supp. at 624-25.  The Court reasoned that the constitutional demands of Mullane were met where the plaintiff served the Commissioner of Motor Vehicles with the complaint and sent a registered copy to the defendant in compliance with § 892, and where the defendant's insurer had notice of the lawsuit.  Id.  In Proulx, this Court analogized the defendant's moving without

leaving a forwarding address to a refusal to accept service and noted that the Vermont statute required a copy to be <u>sent</u>, not <u>delivered</u>, to the defendant. <u>Id.</u> at 624 (emphasis added). In addition, this Court gave weight to the fact that "someone - presumably the defendant's insurer - has received sufficient notice to appear and file the motion to dismiss." <u>Id.</u> at 625.

Lucus contends that this matter is on point with <u>Proulx</u> because she served the Commissioner of Motor Vehicles, sent a copy of the service to the address Wengert provided on the accident report, and Missisquoi had notice of the lawsuit.

This Court finds that the way Missisquoi learned of the lawsuit is not relevant to whether Missisquoi had notice. McLean forwarded the Complaint to Missisquoi after he received it from Taylor. While knowledge of the suit alone did not constitute service of process, the Complaint provided Missisquoi and Wengert with sufficient notice to appear and file this motion to dismiss. Missisquoi's knowledge of the lawsuit coupled with Lucus' compliance with 12 V.S.A. § 892 constituted proper substituted service that, like <u>Proulx</u>, satisfied due process.

B. Timeliness and Excuse

Notwithstanding proper substituted service, the issue of whether that service was timely and effective in tolling the statute of limitations remains.  While 12 V.S.A. § 892 provides the manner in which a plaintiff can make substituted service on the Commissioner of Motor Vehicles, Rule 3 of the Vermont Rules of Civil Procedure provides the manner in which the filing of an action tolls the statute of limitations.  Rule 3 makes service of process an integral part of the Vermont statute of limitations because under Vermont law, in order to toll the statute of limitations as of the filing date, timely service must be accomplished. Weisburg v. McClure Newspapers, Inc., 136 Vt. 594, 595 (1979); see Walker v. Amrco Steel Corp., 446 U.S. 740, 751-52 (1980) (where service of process is an "integral" part of state statute of limitations, state tolling rules apply).

Rule 3 provides that "[w]hen an action is commenced by filing, the summons and complaint must be served upon the defendant within 60 days after the filing of the complaint." Vt. R. Civ. P. 3.  Here, the registered copy of service was sent to Wengert on October 25, 2006, 61 days after Taylor filed the Complaint with the court.  In addition, because

8

the three-year statute of limitations for this case expired on September 5, 2006, Lucus must use the date of filing of the Complaint - August 24, 2006 - to toll the statute.

This Court has the discretion to extend the 60 day time period for Lucus to cure the statute of limitations problem if the failure to act was the result of "excusable neglect." Poulos v. Wilson, 116 F.R.D. 326, 331 (D. Vt. 1987); Vt. R. Civ. P. 6(b)(2).  The Vermont Supreme Court has described "excusable neglect" as "at a minimum, some reasonable basis for noncompliance within the allotted time period."  Poulos, 116 F.R.D. at 331 (quoting Miller v. Ladd, 140 Vt. 293, 297 (1981)).  The reason proffered for an enlargement due to excusable neglect, however, "must not have the effect of reading out of the rule any limits on extensions of time . . . . [nor] so . . . enlarge a remedial power devised for the exceptional case as to cover any kind of garden-variety oversight."  Cuocci v. Goetting, 812 F. Supp. 451, 452 (D. Vt. 1993) (internal quotations omitted).  The factors this Court must consider include the lack of prejudice to the plaintiff and the reasonableness of her effort to effect service.  O'Keefe v. St. Lawrence & Atlantic R. Co., 167 F.R.D. 30, 32 (D. Vt. 1996).

9

In reviewing the circumstances in this case, this Court finds that the delay amounted to excusable neglect. The critical period in this case is between the time the Complaint was filed and the time the registered copy of the service on the Commissioner of Motor Vehicles was sent to Wengert. Taylor contends that his neglect was excusable because he sent the complaint to McLean, whom he believed to be counsel for Wengert. The facts of this case are somewhat unique. Wengert was presumed to reside in Canada and Taylor, on behalf of Lucus, having first attempted to serve Wengert through McLean, resorted to substituted service pursuant to 12 V.S.A. § 892. Without ruling on the reasonableness of the attempt to serve Wengert, this Court considers the substantial prejudice Lucus faces if her claim is dismissed because the statute of limitations has run. Based on the severe prejudice to the plaintiff for the failure, by one day, to send a copy of the substituted service to Wengert, this Court grants a one-day enlargement of the 60 day time period pursuant to Rule 6(b)(2) of the Vermont Rules of Civil Procedure in order to bring Lucus' otherwise proper substituted service into compliance with Rule 3 of the Vermont Rules of Civil Procedure and to toll

the statute of limitations on her claim as of August 24, 2006, when she filed her Complaint with this Court.

## Conclusion

For the reasons set forth above, I recommend that Wengert's motion to dismiss be denied.

Dated at Burlington, in the District of Vermont, this 31st day of August, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).